IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 126,247

In the Matter of the Wrongful Conviction of MICHAEL SIMS.

SYLLABUS BY THE COURT

1.

K.S.A. 2022 Supp. 60-5004(c)(1)(B) requires a claimant to show two elements: (a) a court's reversal or vacating of a felony conviction; and (b) either the dismissal of charges or a finding of not guilty following a new trial.

2.

The phrase "the charges were dismissed" in K.S.A. 2022 Supp. 60-5004(c)(1)(B) clearly and unambiguously means both terminating the criminal accusation presented in court and relieving the defendant of that accusation's criminal liability.

Appeal from Saline District Court; JACOB E. PETERSON, judge. Submitted without oral argument December 15, 2023. Opinion filed January 26, 2024. Affirmed.

*Larry G. Michel*, of Kennedy Berkley, of Salina, was on the brief for appellant.

*Kurtis K. Wiard*, assistant solicitor general, and *Kris W. Kobach*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: In this civil proceeding for wrongful conviction and imprisonment, Michael David Sims seeks monetary damages after the Court of Appeals reversed his felony conviction for interference with law enforcement and he was resentenced to time

1

served on a misdemeanor charge for the same crime. The issue is whether that felony interference charge can be considered "dismissed" as required by K.S.A. 2022 Supp. 60-5004(c)(1)(B). The district court held it was not dismissed and denied the claim. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2016, a domestic dispute between Sims and his wife led to a 911 call. When the police arrived, Sims physically resisted. A jury convicted him of criminal restraint, battery, assault of a law enforcement officer, criminal damage to property, and felony interference with law enforcement. See generally *State v. Sims*, No. 120,449, 2021 WL 1228113 (Kan. App. 2021) (unpublished opinion).

On appeal, Sims raised an issue with the conviction for felony interference with law enforcement. Both parties advised the Court of Appeals panel they believed the evidence was insufficient and asked that the conviction be reversed, the sentence vacated, and the case remanded for resentencing on a misdemeanor interference offense. The panel agreed without analyzing how Sims could be convicted of misdemeanor interference when he was charged and convicted only of the felony crime. *Sims*, 2021 WL 1228113, at *2.

On remand, the lower court resentenced Sims, ordered the misdemeanor conviction to run concurrent with all other counts, and found he satisfied his sentence with the time served.

Sims then brought this wrongful conviction lawsuit alleging he spent nearly a year in prison because of an invalid felony conviction. The State answered and moved for judgment on the pleadings. It primarily argued Sims could not prove his interference

2

charge was dismissed or that he was found not guilty on retrial. See K.S.A. 2022 Supp. 60-5004(c)(1)(B). In opposing the motion, Sims urged the court to liberally construe this remedial civil statute to accomplish its purpose. He claimed his "felony charge" was "actually or effectively dismissed" when the Court of Appeals reversed the felony conviction.

In its 16-page decision, the district court agreed with the State that Sims' interference charge was not dismissed as envisioned by the statute. In so ruling, it treated the State's pleading as a motion for summary judgment because the State attached the criminal case's Court of Appeals judgment and the original journal entry of judgment. See K.S.A. 2022 Supp. 60-212(d) ("If, on a motion [for judgment on the pleadings], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under K.S.A. 60-256 . . . . All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). It also took judicial notice of the criminal case's record.

The district court's factual findings are undisputed:

"1. On or about August 31, 2018, Mr. Sims was convicted of felony interference with a law enforcement officer and related misdemeanors under K.S.A. 21-5904(a)(3) and (b)(5)(A). . . .

"2. Mr. Sims appealed his conviction to the Kansas Court of Appeals.

"3. On appeal he argued and the State conceded that the evidence presented at trial was insufficient to convict him of felony interference. . . .

3

"4. The Court of Appeals 'reverse[d] [Mr. Sims'] felony conviction, vacate[d] Sims' sentence, and remand[ed] . . . for resentencing consistent with a conviction for the lesser included offense of misdemeanor interference with a law enforcement officer.'

"5. On remand, the district court sentenced Mr. Sims to '12 months in the Saline County Jail on Count 5 [i.e., the interference count] to run concurrent with all remaining counts.'

"6. The Court further ordered 'that all time served to date is sufficient to fulfill sentence [*sic*].'"

The court held the only question was whether Sims had a viable claim under the wrongful conviction statute. It dismissed the lawsuit based on K.S.A. 2022 Supp. 60-5004's plain language and this court's interpretation of the wrongful conviction statute in *In re M.M.*, 312 Kan. 872, 482 P.3d 583 (2021) (interpreting "conviction") to dismiss Sims' lawsuit.

He directly appeals to this court. Jurisdiction is proper. See K.S.A. 2022 Supp. 60-5004(l) (district court's decisions in civil cases to recover damages for wrongful convictions "may be appealed directly to" Supreme Court).

ANALYSIS

Eligibility for damages under K.S.A. 2022 Supp. 60-5004(c)(1)(B) requires the claimant prove the charge was "*dismissed* or on retrial the claimant was found to be not guilty." (Emphasis added.). Sims primarily contends he did not commit felony interference, for which he was convicted and imprisoned. He argues he was wrongfully incarcerated because the Court of Appeals effectively dismissed his felony conviction upon reversal. The State responds the interference charge was never dismissed because

4

the case was remanded and Sims was convicted of misdemeanor interference—as he specifically requested in the Court of Appeals.

*Standard of review*

Because the district court dismissed this case on summary judgment and Sims does not allege any genuine issue of any material fact, this appeal presents only a question of law. *Roe v. Phillips County Hospital*, 317 Kan. 1, 5, 522 P.3d 277 (2023) ("When the parties agree that the facts are undisputed, an appellate court reviews a district court's decision to grant summary judgment de novo."). Likewise, the lower court's interpretation of K.S.A. 2022 Supp. 60-5004 is reviewed de novo. *In re Wrongful Conviction of Bell*, 317 Kan. 334, 337, 529 P.3d 153 (2023).

*Discussion*

We consider first whether the Court of Appeals had the authority to reverse and vacate Sims' felony interference conviction and remand for sentencing on the misdemeanor. This helps contextualize the legal question presented here. K.S.A. 2015 Supp. 21-5904(a), under which Sims was convicted, provides various alternative means for committing interference with law enforcement. See K.S.A. 2015 Supp. 21-5904(a)(1)(A) (falsely reporting a particular person committed a crime); (a)(1)(B) (falsely reporting a law enforcement officer committed a crime); (a)(1)(C) (falsely reporting any information intending to influence officer's duty); (a)(1)(D) (falsely reporting any information about the death or disappearance of child under 13); (a)(2) (concealing, destroying, or altering evidence); (a)(3) (knowingly obstructing, resisting or opposing law enforcement officers). Subsection (b) provides the appropriate classification and severity level for each type of interference with law enforcement outlined in subsection (a).

5

The State charged Sims with felony interference. The complaint stated:

"COUNT 5

"That on or about the 6th day of April, 2016, in Saline County, Kansas, Michael David Sims, then and there being present did unlawfully, feloniously and knowingly obstruct, resist or oppose Carlos Londono and Edward Addo persons he knew or should have known to be law enforcement officers, to wit: Carlos Londono and Edward Addo, and such law enforcement officers are authorized by law to perform an official duty, and further that such act of Michael David Sims, to wit: resist and oppose, substantially hindered or increased the burden of Carlos Londono and Edward Addo in the performance of the officer's official duty, *and that such act was committed in the case of a felony, or resulting from parole or an authorized disposition for a felony*.

"Interference with Law Enforcement - Obstruction of Official Duty - In violation of K.S.A. 2015 Supp. 21-5904(a)(3) & (b)(5)(A), *a severity level 9 nonperson felony* (Penalty: from a minimum of 5 months to a maximum of 17 months in prison and a fine of up to $100,000; Postrelease supervision term of 12 months)." (Emphases added.)

K.S.A. 2015 Supp. 21-5904(a)(3) provides:

"(a) Interference with law enforcement is:

. . . .

(3) knowingly obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty.

"(b) Interference with law enforcement as defined in:

. . . .

6

(5) subsection (a)(3) is a:

(A) Severity level 9, nonperson felony in the case of a felony, or resulting from parole or any authorized disposition for a felony; and

(B) class A nonperson misdemeanor in the case of a misdemeanor, or resulting from any authorized disposition for a misdemeanor, or a civil case." K.S.A. 2015 Supp. 21-5904.

As shown, both felony and misdemeanor obstruction share the same criminal elements outlined in subsection (a)(3), but their classification diverges depending on the case's circumstances, as described in subsection (b).

*State v. Hudson*, 261 Kan. 535, 931 P.2d 679 (1997), is instructive. There, the defendant faced a felony charge of obstructing official duty, which the district court later reduced to a misdemeanor. The *Hudson* court upheld the reduction, reasoning the classification depends on what the officer believed their duty to be during the incident, not the defendant's actual status. It noted the record showed the officer was performing duties related to a misdemeanor by trying to stop the defendant for a traffic violation, even though he later learned the defendant had outstanding felony warrants. See 261 Kan. at 538-39 ("We conclude that 'official duty' under K.S.A. 21-3808 [currently K.S.A. 2022 Supp. 21-5904] is to be defined in terms of the officer's authority, knowledge, and intent."). But see 261 Kan. at 539-40 (Davis, J., dissenting) (contending classification should be based on the actual status of the accused at the time of obstruction, not the officer's knowledge and intent).

In Sims' case, the jury instruction only provided the criminal elements under subsection (a)(3):

"To establish this charge, each of the following claims must be proved:

"1. *Carlos Londono was discharging an official duty, namely investigating the report of a crime.*

"2. The defendant knowingly resisted or opposed Carlos Londono in discharging that official duty.

"3. The act of the defendant substantially hindered or increased the burden of the officer in the performance of the officer's official duty.

"4. At the time the defendant knew or should have known that Carlos Londono was a law enforcement officer." (Emphasis added.)

No element addressed Officer Londono's knowledge or intent. The instruction merely stated the officer was discharging his official duty—"namely investigating the report of a crime" without reference to whether the case was a felony or misdemeanor. And the jury simply found Sims "guilty of Interference with Law Enforcement by Obstructing Official Duty as charged in Count Five." The record remained silent on whether Londono believed he was discharging his official duty "in the case of a felony, or resulting from parole or any authorized disposition for a felony." K.S.A. 2015 Supp. 21-5904(b)(5)(A) (felony obstruction). This explains why the parties jointly agreed the Court of Appeals should reverse the felony conviction and remand for resentencing on misdemeanor obstruction.

The panel in Sims' criminal case appropriately adjusted the classification, just as the district court in *Hudson* properly reduced the charge. Felony and misdemeanor interference's identical elements mean Sims' felony conviction necessarily establishes the

8

misdemeanor's elements, so retrying Sims' case was unnecessary. And the record supported a conviction of misdemeanor obstruction. No party disputed this.

Next, we interpret the wrongful conviction and imprisonment statute, beginning with its text. A court "must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings." *H.B. v. M.J.*, 315 Kan. 310, 320, 508 P.3d 368 (2022).

K.S.A. 2022 Supp. 60-5004(c)(1) lists the conditions a claimant must establish by a preponderance of evidence to bring a wrongful conviction claim within the statutory framework. Our focus is subsection (c)(1)(B).

"(c)(1) The claimant shall establish the following by a preponderance of evidence:

(A) The claimant was convicted of a felony crime and subsequently imprisoned;

(B) *the claimant's judgment of conviction was reversed or vacated and either the charges were dismissed or on retrial the claimant was found to be not guilty*;

(C) the claimant did not commit the crime or crimes for which the claimant was convicted and was not an accessory or accomplice to the acts that were the basis of the conviction and resulted in a reversal or vacation of the judgment of conviction, dismissal of the charges or finding of not guilty on retrial; and

(D) the claimant did not commit or suborn perjury, fabricate evidence, or by the claimant's own conduct cause or bring about the conviction. Neither a confession nor admission later found to be false or a guilty plea shall constitute committing or suborning perjury, fabricating evidence or causing or bringing about the conviction under this subsection." (Emphasis added.) K.S.A. 2022 Supp. 60-5004.

9

Breaking it down, subsection (c)(1)(B) requires a claimant to show: (1) A court's reversal or vacating of a felony conviction, and (2) either the dismissal of charges or a finding of not guilty following a new trial. The district court and the parties agreed the Court of Appeals reversed the felony conviction, which settles the first element. What is contested is whether the Court of Appeals' reversal dismissed the charge.

The wrongful conviction statute does not define the phrase "the charges were dismissed," and neither do any provisions within the Code of Civil Procedure, K.S.A. 60-101 et seq. But the Kansas Code of Criminal Procedure, K.S.A. 22-2101 et seq., defines "charge"—"a written statement presented to a court *accusing a person of the commission of a crime* and includes a complaint, information or indictment." (Emphasis added.) K.S.A. 2022 Supp. 22-2202(h). It does not explicitly define "dismiss" or "dismissal."

In the civil context, the terms' meaning and effect vary depending on the type of dismissal involved, rendering a meaning less straightforward in Sims' case. See generally K.S.A. 2022 Supp. 60-241 (dismissal of actions; outlining different scenarios such as voluntary dismissal, which is dismissed without prejudice, dismissal by court order, which is dismissed without prejudice unless a court determines specific terms, involuntary dismissal, which generally operates as an adjudication on the merits, and so forth). But Black's Law Dictionary defines "dismissal" as "[*t*]*ermination of an action, claim, or charge without further hearing*, esp. before a trial; esp., a judge's decision to stop a court case through the entry of an order or judgment that *imposes no civil or criminal liability on the defendant* with respect to that case." (Emphases added.) Black's Law Dictionary 589 (11th ed. 2019).

In this context, the phrase "the charges were dismissed" in K.S.A. 2022 Supp. 60-5004(c)(1)(B) is clear and unambiguous. The phrase signifies both terminating the

10

criminal accusation presented in court and relieving the defendant of that accusation's criminal liability. The district court similarly defined the phrase as: a "termination[] of . . . legal proceedings without the 'not guilty' factual determination associated with an acquittal." And with this understanding, it becomes evident the district court correctly found Sims failed to prove subsection (c)(1)(B). His interference charge was never dismissed because he was convicted of that same charge on remand—even if only the reduced classification, i.e., misdemeanor.

In short, while the panel reversed Sims' felony conviction, the interference accusation in count five remained effective, leading the district court to sentence him based on his criminal liability. Although "[t]he touchstone for the classification of the offense is the reason for the officer's approaching the defendant," it is not a criminal element itself. *Hudson*, 261 Kan. at 538; see also K.S.A. 2015 Supp. 21-5904(a)(3) ("knowingly obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty"). Sims' argument the felony conviction's reversal equated to dismissal misses the point and does not align with the legal principles at play.

As the State correctly claims, "if the Court of Appeals had effectively dismissed the charge, there would have been no charge upon which the misdemeanor conviction could rest. The reversal could not have been a dismissal." In addition, though the complaint specifically charged Sims with the felony by citing K.S.A. 2015 Supp. 21-5904 (b)(5)(A), he can still be convicted of the misdemeanor version, given that both versions share identical criminal elements. Construing this reversal as a dismissal of the charge would collapse subsection (c)(1)(B)'s second element into the first, rendering it meaningless. See *State v. Moler*, 316 Kan. 565, 573, 519 P.3d 794 (2022) ("Courts 'presume the legislature does not intend to enact useless or meaningless legislation.'").

11

Sims also asks that the statute's purpose be considered, proposing its construction in his favor due to its remedial nature. But we have already rejected a similar claim in *In re M.M.*, a case in which the court was asked to "disregard the Legislature's intent as expressed through the plain language of the statute and instead construe K.S.A. 2019 Supp. 60-5004 as broadly as possible because it is a remedial statute." 312 Kan. at 874. The *M.M.* court explained:

> "[W]e held that 'a *tort statute* may be construed liberally in order to give effect to its remedial purpose.' (Emphasis added.) Unlike tort law—derived from common law— K.S.A. 2019 Supp. 60-5004 was promulgated by the Kansas Legislature. As a result, *we are bound to interpret and apply the provisions of K.S.A. 2019 Supp. 60-5004 as the Legislature intended—not to extend the statute's application when the court sees fit*.

> "We reject M.M.'s claim that K.S.A. 2019 Supp. 60-5004 applies to juvenile adjudications because the plain language of the statute unambiguously states otherwise. [Citations omitted.]" (Emphasis added.) 312 Kan. at 874-75.

We hold the district court properly granted the State's motion for summary judgment.

Judgment of the district court is affirmed.

12