IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 126,062

In the Matter of the Wrongful Conviction of
WILLIAM P. SPANGLER.

SYLLABUS BY THE COURT

1.

K.S.A. 2023 Supp. 60-5004(c)(1)(D), part of a statutory provision allowing persons wrongfully convicted and imprisoned to bring a civil action, prohibits compensation when the claimant's own conduct causes or brings about the conviction.

2.

A defendant convicted of a lesser included offense after a second trial based on the same criminal conduct underlying the alleged wrongful conviction has engaged in illegal conduct that precludes the claimant's recovery under K.S.A. 2023 Supp. 60-5004.

Appeal from Shawnee District Court; TERESA L. WATSON, judge. Submitted without oral argument. Opinion filed April 26, 2024. Affirmed.

*Larry G. Michel*, of Kennedy Berkley, of Salina, was on the brief for appellant.

*Kurtis K. Wiard*, assistant solicitor general, and *Kris W. Kobach*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, C.J.:  William P. Spangler brought a civil proceeding for wrongful conviction and imprisonment after he was convicted of a lesser charge on a retrial for his role in the shooting death of Faustino Martinez. He was sentenced to time served, having already served about four and a half years longer in prison than the term of his new sentence for involuntary manslaughter. Spangler seeks compensation for those four plus years of imprisonment.

The district court held that Spangler's own conduct caused or brought about his conviction and thus any recovery was precluded by K.S.A. 2023 Supp. 60-5004(c)(1), which requires that "[t]he claimant shall establish the following by a preponderance of evidence:  . . . (D) the claimant did not commit or suborn perjury, fabricate evidence, or by the claimant's own conduct cause or bring about the conviction." We affirm.

FACTS AND PROCEDURAL BACKGROUND

A jury convicted Spangler of second-degree murder for his actions in causing Martinez' death, and the district court sentenced him to a term of 186 months and remanded him to prison. The Court of Appeals affirmed his conviction and sentence on direct appeal. See *State v. Spangler*, No. 112,270, 2015 WL 3632523, at *1-2 (Kan. App. 2015) (unpublished opinion).

Later, Spangler filed a motion for relief under K.S.A. 2023 Supp. 60-1507, arguing he received constitutionally deficient assistance of counsel. The district court agreed, finding that Spangler's trial counsel failed to investigate Spangler's mental health status and its effect on his state of mind when he shot Martinez. The district court concluded that failure prejudiced Spangler, and it ordered a new trial. The Court of Appeals affirmed. See *Spangler v. State*, No. 120,137, 2020 WL 1222954 (Kan. App. 2020) (unpublished opinion).

2

The State retried Spangler in 2022. The jury on retrial convicted Spangler again, but this time of involuntary manslaughter rather than second-degree murder. At sentencing, he was released based on time served. Spangler had served about four-and-a-half years beyond the sentence imposed for his involuntary manslaughter conviction.

Spangler later filed a civil action under K.S.A. 2023 Supp. 60-5004, seeking compensation for the time he spent in prison beyond his involuntary manslaughter sentence. The State moved to dismiss Spangler's case, arguing Spangler could not meet the conditions for recovery under the statute. It cited the condition in K.S.A. 2023 Supp. 60-5004(c)(1)(D), requiring a claimant to prove the claimant's conduct did not cause or bring about the conviction. The State argued Spangler undisputedly shot Martinez, meaning he engaged in the underlying conduct that led to his second-degree murder conviction. To support its statements about the basic facts of the incident, the State attached to its motion to dismiss various documents filed in Spangler's criminal case and his K.S.A. 60-1507 action. In response, Spangler wrote: "For purposes of the Motion to Dismiss, William [Spangler] does not dispute the Statement of Facts contained in the State's brief."

The district court conducted a hearing on the motion during which the court asked the parties whether the State's use of the various court filings to support its argument converted the State's motion to dismiss to one for summary judgment. The State filed a supplemental brief to address the question and argued that "[w]hen matters outside the pleadings are proper objects for judicial notice, a motion to dismiss need not be treated as a summary judgment motion. *Rodina v. Castaneda*, 60 Kan. App. 2d 384, 386 (2021), *review denied* (Dec. 6, 2021)." It added that the *Rodina* decision had recognized that "[a] trial court may take judicial notice of specific facts 'capable of immediate and accurate

determination by resort to easily accessible sources of indisputable accuracy.' Id. (quoting K.S.A. 60-409(b))."

The district court issued a memorandum decision, citing the standard set out in K.S.A. 60-212(b)(6) for a motion to dismiss for failure to state a claim. In the Statement of Facts section of the decision the court wrote:

> "Because this matter is before the Court on a motion to dismiss, the Court considers the facts as stated in Spangler's petition along with some additional facts which, for purposes of the instant motion, are acknowledged as true by both parties.

> "Spangler had a verbal confrontation with Faustino Martinez outside Spangler's apartment building. Spangler went to his apartment and got his loaded AR-15 rifle. Spangler came out of his apartment and encountered Martinez. Spangler tried to scare Martinez with his rifle. When that didn't work, Spangler 'fired a warning shot.' When that didn't work, Spangler fired off another shot, stating that he was 'aiming for [Martinez'] leg.' Spangler missed Martinez's leg and hit Martinez in the abdomen. Spangler fled the scene. Martinez died from the shooting."

The court then discussed the meaning of K.S.A. 2023 Supp. 60-5004(c)(1)(D)'s requirement that Spangler prove by a preponderance of the evidence that he did not cause or bring about the conviction. It concluded that "Spangler's behavior in retrieving a loaded semi-automatic rifle from inside his apartment, leaving the apartment, encountering Martinez, brandishing the weapon, firing a 'warning shot,' and then purposely shooting Martinez, clearly constitutes Spangler's own conduct that caused or brought about the conviction for second-degree murder." This meant that "[o]n the agreed facts here, Spangler cannot prove by a preponderance of the evidence that he did not, by his own conduct, cause or bring about the conviction."

4

Spangler timely appealed directly to this court as permitted by K.S.A. 2023 Supp. 60-5004(l): "The decision of the district court may be appealed directly to the supreme court pursuant to the code of civil procedure."

ANALYSIS

A claimant seeking damages under K.S.A. 2023 Supp. 60-5004(c)(1)(D) must establish by a preponderance of evidence that the claimant's own conduct did not "cause or bring about the conviction." Spangler argues the district court improperly divorced the phrase "cause or bring about his conviction" from its statutory context of subparagraph (D) ("[T]he claimant did not commit or suborn perjury, fabricate evidence, or by the claimant's own conduct cause or bring about the conviction."). Spangler reads the phrase "cause or bring about the conviction" as pertaining to conduct similar in character to that immediately preceding it in the statute, namely committing or suborning perjury or fabricating evidence.

We disagree. We read the phrase to reflect the Legislature's intent to impose a common-sense limitation: Only someone innocent of the criminal conduct supporting the underlying conviction may pursue a claim for damages under K.S.A. 2023 Supp. 60-5004(c)(1)(D). Based on this interpretation, a claimant like Spangler who stands convicted of a lesser included offense based on the same charge as a previous conviction is not eligible to seek relief under K.S.A. 2023 Supp. 60-5004.

*Standard of Review*

We consider this issue after the district court granted the State's motion to dismiss for failure to state a claim. We note that the procedural question asked by the district court about whether the State's motion should be treated as a summary judgment motion

has not been presented to us on appeal. Both parties recite the motion to dismiss standard as the standard we should apply, and they do not disagree with the district court's reliance on undisputed facts gleaned through judicial notice. We thus proceed using that procedural posture to frame our standard of review without addressing the procedural question the district court posed to the parties.

The appellate standard of review builds on the district court's standard for considering a motion to dismiss, so we begin there. A district court deciding a motion to dismiss considers the well-pleaded factual allegations, resolving factual disputes in the plaintiff's favor, to determine "whether the petition states any valid claim for relief." *Williams v. C-U-Out Bail Bonds,* 310 Kan. 775, 784, 450 P.3d 330 (2019). Appellate courts reviewing the district court's decision also assume well-pleaded facts to be true and draw reasonable inferences in the plaintiff's favor. 310 Kan. at 784. Whether the district court erred in granting a motion to dismiss for failure to state a claim is a question of law subject to unlimited review. *In re M.M.*, 312 Kan. 872, 873, 482 P.3d 583 (2021).

Another consideration frames our review. The district court's ruling rested on its interpretation of K.S.A. 2023 Supp. 60-5004. This also presents an issue of statutory interpretation subject to unlimited review. See *In re M.M.*, 312 Kan. at 873-84.

*Discussion*

We apply a well-established rubric to our de novo statutory interpretation of K.S.A. 2023 Supp. 60-5004. The touchstone of statutory interpretation is that the Legislature's intent controls. A court "'must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings.' [Citation omitted.]" *In re Wrongful Conviction of Sims*, 318 Kan. 153, 158, 542 P.3d 1 (2024).

Under K.S.A. 2023 Supp. 60-5004(a), the claimant bears the burden of proving by a preponderance of evidence certain conditions. Our focus here is on one of the conditions found in subsection (c)(1)(D), but we set out the full text of subsection (c), including the other conditions, for context:

> "(c)(1) The claimant shall establish the following by a preponderance of evidence:
>
> (A) The claimant was convicted of a felony crime and subsequently imprisoned;
>
> (B) the claimant's judgment of conviction was reversed or vacated and either the charges were dismissed or on retrial the claimant was found to be not guilty;
>
> (C) the claimant did not commit the crime or crimes for which the claimant was convicted and was not an accessory or accomplice to the acts that were the basis of the conviction and resulted in a reversal or vacation of the judgment of conviction, dismissal of the charges or finding of not guilty on retrial; and
>
> (D) the claimant did not commit or suborn perjury, fabricate evidence, *or by the claimant's own conduct cause or bring about the conviction.* Neither a confession nor admission later found to be false or a guilty plea shall constitute committing or suborning perjury, fabricating evidence or causing or bringing about the conviction under this subsection." (Emphasis added.) K.S.A. 2023 Supp. 60-5004.

The State moved to dismiss based on its interpretation of the words "the claimant did not . . . by the claimant's own conduct cause or bring about the conviction" in subsection (c)(1)(D). It interpreted this phrase to mean any conduct by the claimant that caused or brought about the conviction, including the behavior leading to the filing of charges and ultimate conviction. The district court agreed with the State's proffered interpretation.

7

We begin our independent interpretation of the statute by considering the commonly understood meaning of words in the statute or, where a word has a technical legal meaning, the legal definition. If the Legislature includes no definitions, we look to dictionaries for the ordinary, contemporary, and common meaning of words, although we might also look to other legal authorities when examining the meaning of words with a technical, legal meaning. See *State v. Arnett*, 307 Kan. 648, 654, 413 P.3d 787 (2018) (considering caselaw about causation when interpreting phrase "caused by the defendant's crime" in restitution statute); *Midwest Crane & Rigging, LLC v. Kansas Corporation Comm'n*, 306 Kan. 845, 851, 397 P.3d 1205 (2017) (stating general proposition that courts assume Legislature intends the word to be used in its "ordinary, contemporary, common meaning" when not otherwise defined by statute).

We first consider the meaning of "claimant," the only word in the phrase "the claimant did not . . . by the claimant's own conduct cause or bring about the conviction" that the Legislature chose to define. In doing so, it defined "claimant" as "a person convicted and subsequently imprisoned for one or more crimes that such person did not commit." K.S.A. 2023 Supp. 60-5004(a). The phrase "such person did not commit" is arguably similar in meaning to K.S.A. 2023 Supp. 60-5004(c)(1)(D)'s phrase about causing or bringing about the conviction. As we examine the other words in that phrase, the similarity stands out. See *State v. Newman-Caddell*, 317 Kan. 251, 259, 527 P.3d 911 (2023) (courts may read statutory provisions together—that is, *in pari materia*—when determining whether the statutory language is plain and unambiguous).

The next word we examine is "conduct." The word "conduct" can be used as a verb or a noun. Here, the statute uses the term as a noun, and in that context "conduct" means "[p]ersonal behavior, whether by action or inaction, verbal or nonverbal; the manner in which a person behaves; collectively, a person's deeds." Black's Law Dictionary 369 (11th ed. 2019). We have found this definition useful when interpreting

8

the word "conduct" in another context. *State v. Dinkel*, 311 Kan. 553, 559-60, 465 P.3d 166 (2020). Lay dictionaries provide similar definitions: "[t]he way one acts: behavior," Webster's New World College Dictionary 310 (5th ed. 2014), or "[t]he way a person acts, especially from the standpoint of morality and ethics," American Heritage Dictionary 384 (5th ed. 2011).

Considered in the context of the shooting of Martinez, Spangler's actions and behaviors—that is, his conduct—of retrieving the gun, confronting Martinez with a gun, and firing shots at Martinez are behaviors that contributed to charges being filed against him and that led to Spangler's first and second convictions. This brings us to the phrase's causation requirement. See K.S.A. 2023 Supp. 60-5004(c)(1)(D) ("[T]he claimant did . . . by the claimant's own conduct *cause or bring about* the conviction."[Emphasis added.]).

While "cause" is commonly understood, it has a technical meaning in the law that involves the principles of proximate cause. We consider that technical meaning here because, when our Legislature adopts legislation against an established legal landscape, judicial discussions of the established legal principle inform a court's analysis of the word's meaning. *Arnett*, 307 Kan. at 654 (examining whether defendant's criminal actions cause damages subject to restitution award). *Arnett* discusses the legal concepts of causation.

The *Arnett* court observed, "In both the criminal and civil context, we routinely require a showing of causation to demonstrate that one thing was the proximate cause of another." 307 Kan. at 654. Proximate cause consists of two components: cause-in-fact and legal causation. "Together, these elements limit a defendant's liability to '"those consequences that are *probable* according to ordinary and usual experience."'" 307 Kan. at 654 (quoting *Puckett v. Mt. Carmel Regional Med. Center*, 290 Kan. 406, 420, 228 P.3d 1048 [2010]).

9

We sometimes refer to cause-in-fact as but-for causation. In other words, but for a person's conduct, would the result have occurred? Legal cause, on the other hand, limits liability to when the result complained of is a foreseeable risk created by the defendant's conduct. When other events follow the precipitating occurrence, there may be an intervening cause that absolves a person of liability. The key to whether an intervening cause cuts the causal chain is again foreseeability. See *Arnett*, 307 Kan. at 654-55.

Here, it was foreseeable that shooting someone could lead to a conviction for some degree of murder or manslaughter.

This brings us to the final word in the statutory phrase, "conviction." Black's Law Dictionary 422 (11th ed. 2019) defines "conviction" as "[t]he act or process of judicially finding someone guilty of a crime; the state of having been proved guilty. 2. The judgment (as by a jury verdict) that a person is guilty of a crime." Other dictionaries similarly define a conviction by referring to the judicial process. "Conviction," Merriam-Webster Dictionary Online, https://www.merriam-webster.com/dictionary/conviction ("the act or process of finding a person guilty of a crime especially in a court of law"); see also "Conviction," American Heritage Dictionary Online, https://ahdictionary.com/word/search.html?q=conviction ("[T]he judgment of a jury or judge that a person is guilty of a crime as charged" or "the state of being found or proved guilty.").

Putting these definitions together provides a plain meaning of the phrase consistent with the district court's ruling. That plain meaning is reinforced when other subsections of the statute are considered. See *Newman-Caddell*, 317 Kan. at 259 (courts may read unambiguous statutes *in pari materia*).

10

The Legislature restricted recovery under K.S.A. 2023 Supp. 60-5004 to a claimant who did not commit the crime and whose conduct did not cause the conviction. Spangler who stands convicted of a lesser included offense on retrial after a conviction on a greater offense arising from the same conduct cannot as a matter of law establish his conduct did not create a foreseeable risk of being convicted of either the charged offense or a lesser included offense. Kansas law provides that "[u]pon prosecution for a crime, the defendant may be convicted of either the crime charged or a lesser included crime, but not both." K.S.A. 21-5109(b). Consideration of the two counts of conviction from each of Spangler's trials shows the same conduct supported each verdict.

At his first trial, Spangler was convicted of murder in the second degree. Second-degree murder "is the killing of a human being committed . . . intentionally or . . . unintentionally but recklessly under circumstances manifesting extreme indifference to the value of human life." K.S.A. 21-5403(a). At his second trial, Spangler was acquitted on the second-degree murder count and convicted of involuntary manslaughter, which "is the killing of a human being committed . . . [r]ecklessly." K.S.A. 21-5405(a)(1). K.S.A. 21-5202(j) describes when a person acts recklessly or is reckless as "when such person consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." Both offenses as charged here involve recklessly killing a human being. In such cases, what distinguishes the offenses is the degree of recklessness. *State v. Gentry*, 310 Kan. 715, 725, 449 P.3d 429 (2019). In other words, the underlying behavior or conduct is the same for second-degree murder and involuntary manslaughter. Only the mental state differs.

Spangler's personal behavior the night he killed Martinez was the cause-in-fact of the charges being filed against him. It is entirely foreseeable that shooting someone could

11

lead to a conviction for some degree of murder or manslaughter. Spangler thus is not entitled to compensation under K.S.A. 2023 Supp. 60-5004 as a matter of law.

This reading of K.S.A. 2023 Supp 60-5004(c)(1)(D) is consistent with our recent holding in *In re Sims*, 318 Kan. 153. There, while a conviction was on direct appeal, the parties agreed the evidence was insufficient to uphold the conviction and that the defendant should be resentenced for a lesser crime. Like Spangler, on resentencing the defendant was sentenced to time served, having already spent more time in prison for the greater offense than the sentence on the lesser offense. The defendant sought compensation under K.S.A. 2023 Supp. 60-5004, and the State filed for summary judgment. The State contended that the defendant could not prove he met the condition in K.S.A. 2023 Supp. 60-5004(c)(1)(B). Under (c)(1)(B) a claimant must show (a) a court reversed or vacated a felony conviction; and (b) either the dismissal of charges or a finding of not guilty following a new trial. The State argued the charges had neither been dismissed nor had the defendant been found not guilty because he committed the lesser offense. The district court granted summary judgment, and we affirmed. We held that (c)(1)(B) clearly and unambiguously requires "both terminating the criminal accusation presented in court and relieving the defendant of that accusation's criminal liability." 318 Kan. at 160.

Likewise, K.S.A. 2023 Supp. 60-5004(c)(1)(D) reflects that the claimant must show factual innocence from the charges giving rise to criminal liability before receiving compensation. Other provisions in the statute convey this same intent. For example, the procedure set out in K.S.A. 2023 Supp. 60-5004 ultimately results in the claimant receiving a certificate of innocence. That certificate includes a "finding that the claimant was innocent of all crimes for which the claimant was mistakenly convicted." K.S.A. 2023 Supp. 60-5004(g). After that certificate is entered, the court orders "the associated convictions and arrest records expunged and purged from all applicable state and federal

12

systems." K.S.A. 2023 Supp. 60-5004(h). Once the certificate of innocence and order of expungement are entered, the claimant is to be treated as if never arrested or convicted of the crime. K.S.A. 2023 Supp. 60-5004(h)(4). The reference to "all crimes" conveys a requirement of factual innocence on the originally charged crimes and their lesser included offenses. See K.S.A. 21-5109(b) ("Upon prosecution for a crime, the defendant may be convicted of either the crime charged or a lesser included crime, but not both.").

Spangler argues for a different reading of the statute. He encourages us to read K.S.A. 2023 Supp. 60-5004(c)(1)(D) to refer to conduct engaged in during the criminal proceedings, beginning with the investigation and up through the conviction and to read K.S.A. 2023 Supp. 60-5004(c)(1)(C) to concern the criminal conduct underlying the conviction. Again, under (c)(1)(C) the claimant must prove that "the claimant did not commit the crime or crimes for which the claimant was convicted and was not an accessory or accomplice to the acts that were the basis of the conviction and resulted in a reversal or vacation of the judgment of conviction, dismissal of the charges or finding of not guilty on retrial." We disagree.

Under (c)(1)(C), while the first portion focuses on conduct, the final portion focuses on the procedures leading to relief from the first crime of conviction. In contrast, (c)(1)(D) looks solely at conduct, that is the defendant's behavior. Some of the behavior is connected to the criminal proceedings, such as suborning perjury or fabricating evidence. But K.S.A. 2023 Supp. 60-5004(c)(1)(D)'s words "the claimant did . . . by the claimant's own conduct cause or bring about the conviction" convey behavior that is broader. It provides no qualification on when that conduct occurs. We do not agree with Spangler's position that we should limit that phrase to only conduct like perjury or fabricating evidence when its plain words do not support such a limitation.

13

The State correctly points out the doctrines Spangler argues support such a construction are doctrines we reach only when we cannot discern the Legislature's intent from the plain language of the statute. See *Woessner v. Labor Max Staffing*, 312 Kan. 36, 56-57, 471 P.3d 1 (2020) (Luckert, C.J., concurring) (defining as rules of statutory construction the maxims *noscitur a sociis* [a word is known by the company it keeps] and *ejusdem generis* [where enumeration of specific things is followed by a more general word or phrase, such general word or phrase is held to refer to things of the same kind]). But the words "by the claimant's own conduct cause or bring about the conviction" are clear. We see no reason to confine the phrase "the claimant's own conduct" to the same type of behavior conveyed in the two statutory phrases that precede it. Again, nothing in the language suggests such a limitation. Each condition—no perjury, no fabricating evidence, no conduct leading to the conviction—finds roots in equitable principles that the claimant's actions cannot cause the first conviction. See *Goben v. Barry*, 234 Kan. 721, 727, 676 P.2d 90 (1984) ("Equity will not permit a litigant to rely on his own wrongful conduct to recover."). Likewise, no other provision in K.S.A. 2023 Supp. 60-5004 supports Spangler's reading. Instead, our construction of (c)(1)(D) is consistent with our construction of (c)(1)(C). The various provisions thus can be read harmoniously.

Spangler shot and killed Martinez. This shooting caused or brought about his convictions, first for second-degree murder and, on retrial, for the lesser included offense of involuntary manslaughter. Spangler is not entitled to recover under K.S.A. 2023 Supp. 60-5004(c)(1)(D).

Affirmed.