IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 126,550

In the Matter of the Wrongful Conviction of
JASON MASHANEY.

SYLLABUS BY THE COURT

In claims under state law for wrongful conviction and imprisonment, the phrase "the charges were dismissed" in K.S.A. 2023 Supp. 60-5004(c)(1)(B) means both terminating the criminal accusation presented in court and relieving the defendant of the accusation's criminal liability.

Appeal from Sedgwick District Court; ERIC A. COMMER, judge. Oral argument held September 12, 2024. Opinion filed October 25, 2024. Reversed.

*Anthony J. Powell*, solicitor general, argued the cause, and *Ryan J. Ott*, assistant solicitor general, and *Kris W. Kobach*, attorney general, were with him on the briefs for appellant.

*Laurel A. Driskell*, of Clark, Mize & Linville, Chtd., of Salina, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

BILES, J.: The State appeals after a district court awarded Jason Mashaney nearly $414,595 in damages for wrongful conviction and imprisonment, which is a civil claim created by K.S.A. 2023 Supp. 60-5004. The court ruled the accusations against him were "effectively dismissed" when Mashaney pled to reduced charges. But the State argues the court misinterpreted the statute in reaching that conclusion, citing *In re Wrongful Conviction of Sims*, 318 Kan. 153, Syl. ¶ 2, 542 P.3d 1 (2024) (holding the statutory

1

phrase "'the charges were dismissed'" means both terminating the criminal accusation and relieving the defendant of that accusation's criminal liability). We agree with the State.

The circumstances of the plea show the original sex offense charges continued in a modified form with Mashaney's agreement when the State replaced them with nonsexual charges involving the same victim. The district court's ruling undermines the legislative mandate when considering claims for wrongful conviction and imprisonment. See *In re Wrongful Conviction of Spangler*, 318 Kan. 697, 700, 706, 547 P.3d 516 (2024) (holding the Legislature intended to restrict compensation under K.S.A. 2023 Supp. 60-5004 to "[o]nly someone innocent of the criminal conduct"). We reverse the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

The facts are undisputed. In 2004, a jury convicted Mashaney of aggravated criminal sodomy and aggravated indecent liberties with a child for his alleged conduct in 2003 with his then-five-year-old daughter, A.A. He was sentenced to 442 months in prison. A Court of Appeals panel affirmed. *State v. Mashaney*, No. 94,298, 2007 WL 1109456, at *7 (Kan. App. 2007) (unpublished opinion), *rev. denied* 284 Kan. 949 (2007).

In 2008, Mashaney filed a K.S.A. 60-1507 motion, arguing ineffective assistance of counsel, which the district court summarily denied. On appeal, another Court of Appeals panel reversed and remanded for a full evidentiary hearing. *Mashaney v. State*, No. 101,978, 2010 WL 3731341, at *16 (Kan. App. 2010) (unpublished opinion). After that hearing, the district court found Mashaney suffered substantial prejudice from ineffective trial and appellate representation. The court wrote in its minutes order, dated March 15, 2011, that it "vacated" the 2004 convictions and scheduled the original criminal case for a new trial.

2

A plea agreement followed. The State replaced the original charges with new ones—two counts of attempted aggravated battery and one count of aggravated endangerment of child involving the same victim. The new charges deleted the original information's sexual component. Mashaney then entered an *Alford* plea to the new charges. See *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *State v. Case*, 289 Kan. 457, Syl. ¶ 2, 213 P.3d 429 (2009) ("An *Alford* plea is a plea of guilty to a criminal charge but without admitting to its commission."). The court accepted the plea, found Mashaney guilty, sentenced him to 72 months in prison, and ordered his release for time already served on the original 442-month sentence.

In 2020, Mashaney sued the State for monetary damages alleging wrongful conviction and imprisonment under K.S.A. 2019 Supp. 60-5004. The case went to a bench trial in 2022.

Mashaney testified he began communicating with his daughter, A.A., when she was 17 or 18 years old using Facebook Messenger and seeing her in person. He said she apologized, admitted the allegations against him were false, and explained her mother pressured her into making them. Mashaney's parents also testified. His father, Roger Mashaney, said A.A. first spoke to him about the incident in 2015, when she also acknowledged Mashaney did not commit the alleged acts and apologized for her previous statements. His mother, Sherry Gilbert, was present for this conversation and corroborated the father's account.

A.A. declined to testify and was beyond the court's jurisdiction because she lived out of state. The court permitted the State to admit her criminal case testimony into evidence. A.A.'s mother failed to appear as a witness. The State did not pursue a material witness warrant.

The district court ruled in Mashaney's favor. It found he met the four statutory elements required for compensation:

> "(A) The claimant was convicted of a felony crime and subsequently imprisoned.

> "(B) the claimant's judgment of conviction was reversed or vacated and either the charges were dismissed or on retrial the claimant was found to be not guilty;

> "(C) the claimant did not commit the crime or crimes for which the claimant was convicted and was not an accessory or accomplice to the acts that were the basis of the conviction and resulted in a reversal or vacation of the judgment of conviction, dismissal of the charges or finding of not guilty on retrial; and

> "(D) the claimant did not commit or suborn perjury, fabricate evidence, or by the claimant's own conduct cause or bring about the conviction. . . ." K.S.A. 2023 Supp. 60-5004(c)(1).

The district court calculated the wrongful conviction damages at $505,700. See K.S.A. 2023 Supp. 60-5004(e)(1)(A) ("Damages awarded under this section shall be . . . $65,000 for each year of imprisonment."). In reaching that amount, it found Mashaney was wrongfully imprisoned from October 1, 2003, to July 13, 2011, totaling 2,843 days or 7.78 years. The court concluded "each day wrongfully imprisoned should not be considered less than any other day in a complete year," despite the statute's reference to an annual rate. It then reduced the award by $91,105.06 received from a legal malpractice settlement after fees and costs. The final calculation brought the judgment against the State to $414,594.94.

The State appeals, arguing Mashaney failed to satisfy the second and third statutory elements and objecting to the monetary damages calculation. Our jurisdiction is proper. See K.S.A. 2023 Supp. 60-5004(l) ("The decision of the district court may be appealed directly to the supreme court pursuant to the code of civil procedure.").

## THE CHARGES WERE NOT "DISMISSED" AS REQUIRED BY LAW

We start with the second element under K.S.A. 2023 Supp. 60-5004(c)(1)(B) because the outcome on that question resolves the case. The phrase "the charges were dismissed" means both terminating the criminal accusation and relieving the defendant of that accusation's criminal liability. *Sims*, 318 Kan. 153, Syl. ¶ 2. But here, the district court came to a legal conclusion that Mashaney's charges were "effectively dismissed" when the State amended them and that this was sufficient in making his claim for wrongful conviction and imprisonment.

The State argues its amended charges do not constitute the dismissal required by K.S.A. 2023 Supp. 60-5004(c)(1)(B). We agree, although we acknowledge the court did not have our *Sims* decision to guide its analysis.

*Standard of review*

Determining whether Mashaney satisfied K.S.A. 2023 Supp. 60-5004(c)(1)(B) requires statutory interpretation, so we review the lower court's ruling de novo. See *Sims*, 318 Kan. at 156.

*Discussion*

We begin by noting the district court explicitly found in its findings of fact:

> "The Office of the Sedgwick County District Attorney *did not dismiss the case. Instead, the District Attorney amended the charges* by removing the charges of aggravated criminal sodomy and aggravated indecent liberties and replaced them with two Counts of Attempted Agg. Battery and one Ct. [Aggravated] Endangerment of Child. None of the three counts were sex offenses." (Emphasis added.)

5

Yet, as one of its conclusions of law relating to K.S.A. 2023 Supp. 60-5004(c)(1)(B), the district court stated:

"It is true that when Mashaney entered the Alford plea it was in the same 'case' and so he served the time in prison for his convictions of two counts of attempted aggravated battery and one count of aggravated endangering a child. There is more than one error with that argument. First, the imprisonment was not subsequent to those convictions. And second, *by the State's amendment of the complaint, the original charges of aggravated criminal sodomy and aggravated indecent liberties were effectively dismissed*." (Emphasis added.)

To reach that legal conclusion, the district court explained:

"The Court believes that K.S.A. 60-5004 is best understood when the use of the three terms 'crime(s)', 'conviction(s)' and 'charges' in all four subsections of K.S.A. 60-5004(c) are all understood to refer to the same crime(s), conviction(s) and charge(s). Applying the preponderance of the evidence standard, this Court rules that Mashaney's conviction of aggravated criminal sodomy and aggravated indecent liberties with a child were indeed '**vacated**' and when those '**charges**' were amended those '**charges**' were effectively dismissed in December of 2011."

It then declared a "charge" is "'a **written statement** presented to a court **accusing a person of the commission of a crime** and includes a complaint, information or indictment,'" quoting the criminal code's definition. K.S.A. 22-2202(h).

In *Sims*, the court also referenced the criminal code when interpreting the term "charge," but it reached a different understanding of the word in the context of K.S.A. 2022 Supp. 60-5004(c)(1)(B). 318 Kan. at 159. It held the term "charge" there means "the criminal accusation presented in court." 318 Kan. at 160. And this reading better

6

aligns with legislative intent than the district court's view. See *Spangler*, 318 Kan. at 700 (holding a claimant "must show factual innocence from the charges giving rise to criminal liability before receiving compensation").

During Mashaney's plea hearing in the criminal case, the district court noted he had agreed to a plea bargain that changed his plea from not guilty to the sex crimes to an *Alford* plea of guilty to the nonsex crimes with the same victim. The court asked him if he understood he was "entering a plea of guilty for the purpose of taking advantage of the plea bargain . . . offered in the case." He agreed. The court also clarified that if it accepted his guilty plea, "a sentencing hearing" would follow, meaning Mashaney would be "subject to" a sentencing order imposing criminal liability on him in the case. Given this, we conclude the district court in the civil damages case too narrowly interpreted the term "charge" to apply only to vacated convictions—deviating from K.S.A. 2023 Supp. 60-5004's plain language.

Next, as the State correctly asserts, the district court erroneously interpreted the statute to equate amending criminal charges with dismissing them. Under K.S.A. 22-3201(e), a charging document may be amended "at any time before verdict" but generally cannot include "additional or different" crimes. An amendment within these parameters does not require dismissal followed by refiling the charges.

Here, vacating the original convictions returned Mashaney's criminal case to its pre-verdict status with a new trial scheduled. And Mashaney does not argue the State's amendment introduced "additional or different" offenses that prejudiced his substantial rights. See *State v. Woods*, 250 Kan. 109, 111, 825 P.2d 514 (1992) ("[T]he plain language of the statute . . . permits an amendment only 'if no additional or different crime is charged *and* if substantial rights of the defendant are not prejudiced.'"). Indeed, it would be difficult for Mashaney to argue prejudice since the State amended the charges in accordance with his wishes and for his benefit under the plea agreement.

In *Sims*, the court held a claimant with a reversed felony conviction was ineligible for compensation because K.S.A. 2022 Supp. 60-5004(c)(1)(B) clearly and unambiguously requires both terminating the accusation presented in court and relieving the defendant of that accusation's criminal liability. 318 Kan. at 160 (citing Black's Law Dictionary 589 [11th ed. 2019] [defining "dismissal" as the termination of an action, claim, or charges without further hearing, imposing no civil or criminal liability on the defendant with respect to that case]). Sims' conviction was not dismissed because he was resentenced for the same crime as a misdemeanor, instead of the initially charged felony. In other words, the phrase "the charges were dismissed" signifies finality—meaning the charges at issue are completely discontinued.

The district court in the civil case here explicitly found—and correctly described—in its findings of fact that the State "did not dismiss the case" but instead "amended the charges." And all agree Mashaney's current convictions stem from the 2003 criminal accusations against him that related to the same victim. The district court went astray in its subsequent legal conclusion that the charges against Mashaney had been "effectively dismissed" so his claim remained viable.

We hold the accusations involving A.A. were never "dismissed" within the statutory meaning for a claim of wrongful conviction and imprisonment under K.S.A. 2023 Supp. 60-5004. Instead, Mashaney's charges were amended by the State according to the plea agreement. An amendment changes or modifies charges. See K.S.A. 22-3201(e) (allowing "amend[ing]" complaint or information); Black's Law Dictionary 101 (12th ed. 2024) (defining "amend" as "[t]o correct or make usu. small changes to [something written or spoken]"); *Midwest Crane & Rigging, LLC v. Kansas Corporation Comm'n*, 306 Kan. 845, 851, 397 P.3d 1205 (2017) ("Dictionary definitions are good sources for the 'ordinary, contemporary, common' meaning of words.").

8

The second element's language states: "the claimant's judgment of conviction was reversed or vacated and . . . the charges were dismissed." K.S.A. 2023 Supp. 60-5004(c)(1)(B). Mashaney's original charges simply continued in a different form through the amended charges, and he incurred criminal liability for those amended charges. His compensation claim fails because he cannot establish the required second element.

We reverse the district court's judgment. This means we need not address the remaining issues.

Reversed.