NOT DESIGNATED FOR PUBLICATION

No. 127,925

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Petition of ROBERT DALE WRIGHT JR.
to Change His Name.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE GATTERMAN, judge. Submitted without oral argument. Opinion filed April 11, 2025. Affirmed.

*Robert Dale Wright Jr.*, appellant pro se.

*Dwight R. Carswell*, deputy solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM: Robert Dale Wright Jr., a male patient in the Sexual Predator Treatment Program (SPTP), timely appeals the district court's denial of his petition to change his name because he now identifies as female. The district court found it did not have reasonable cause to grant the petition as Wright cannot transition until he is released from the SPTP and such relief would be countertherapeutic to his treatment. Finding no abuse of discretion by the district court, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In September 2023, Wright petitioned the district court pro se to change his name to Renee Nicole Wright. Wright explained in his petition: "I identify as female. I have been diagnosed with Gender Dysphoria and I intend to transition to female."

1

It is undisputed Wright is committed to the custody of the Secretary of the Kansas Department for Aging and Disability Services (KDADS), the agency that operates the SPTP at Larned State Hospital, as a sexually violent predator. KDADS responded to Wright's petition and moved to file an affidavit under seal from the SPTP's clinical program director, who would explain Wright's medical and diagnostic history. The district court granted KDADS's motion to file the affidavit under seal for good cause.

The affidavit contained an up-to-date evaluation of Wright's medical and therapeutic diagnoses and disputed his gender dysphoria claims. Wright's medical and mental health records are extensive and need not be repeated here. The clinical program director opined: "Mr. Wright's proposed name change from a traditionally male name to a traditionally female name would be countertherapeutic to his treatment in the [SPTP]" and would make it more difficult to treat him.

At the January 2024 hearing on Wright's petition, Wright testified he had no ulterior motives behind changing his name and that it would not interfere with his treatment as he knows who he is and who he wants to be. The district court inquired as to whether Wright had started his transition, and Wright admitted he was unable to start the process. The district court denied Wright's petition to change his name, finding it did not have reasonable cause to grant the petition as Wright cannot transition until he is released from the SPTP and such relief could be countertherapeutic to his underlying treatment.

ANALYSIS

Wright argues the district court erred when it considered the clinical program director's testimony and ultimately erred by denying his petition for change of name. Wright seeks reversal of the district court's denial of his petition to change his name.

2

The district court's decision to grant or deny a petition for change of name is reviewed for an abuse of discretion. *In re Petition of Clark*, 57 Kan. App. 2d 220, 222, 450 P.3d 830 (2019). The district court abuses its discretion if its decision is based on an error of fact or law or is arbitrary, fanciful, or unreasonable. *In re Spradling*, 315 Kan. 552, 590, 509 P.3d 483 (2022). Wright bears the burden to establish such abuse of discretion. See *In re A.S.*, 319 Kan. 396, 400, 555 P.3d 732 (2024). To the extent we must interpret K.S.A. 60-1402, we have unlimited review. See *In re Wrongful Conviction of Spangler*, 318 Kan. 697, 701, 547 P.3d 516 (2024).

K.S.A. 60-1402(c) states: "If upon hearing the judge is satisfied as to the truth of the allegations of the petition, and that there is reasonable cause for changing the name of the petitioner the judge shall so order." Prior panels of our court have repeatedly acknowledged we should defer to the mental health professionals regarding treatment methods and what is best for a particular person. See, e.g., *In re Care and Treatment of Saiz*, 60 Kan. App. 2d 178, 186-87, 492 P.3d 484 (2021).

Here, the district court made no error of fact or law. The district court reasonably deferred to the clinical program director's judgment over Wright's. The director opined that the name change would be countertherapeutic, hinder Wright's ability to identify and accept himself, and make it more difficult to address his various treatment needs. A reasonable person could have concluded Wright failed to establish reasonable cause to change his name, and the district court exercised sound discretion in denying Wright's petition.

Affirmed.