IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 119,866

STATE OF KANSAS,
*Appellee*,

v.

STEPHEN MONTREAL DUNN,
*Appellant*.

SYLLABUS BY THE COURT

Due to the particulars of the conviction at issue, the undisputed illegal sentence requires remand to the district court for imposition of a legal sentence. Any further consideration on the merits of the remaining issues could result in holdings merely advisory.

Review of the judgment of the Court of Appeals in an unpublished opinion filed July 5, 2019. Appeal from Montgomery District Court; F. William Cullins, judge. Opinion filed March 19, 2021. Judgment of the Court of Appeals affirming in part and vacating in part the judgment of the district court is affirmed in part and vacated in part. Judgment of the district court is vacated and the case is remanded to the district court with directions.

*Peter Maharry*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Rachel L. Pickering,* assistant solicitor general, and *Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general, were on the briefs for appellee.

The opinion of the court was delivered by

WILSON, J.:  This court granted Stephen Dunn's petition for review to consider whether the district court erred in imposing lifetime postrelease supervision. It also granted the State's cross-petition to consider whether the Court of Appeals panel erred when it vacated Dunn's sentence to lifetime electronic monitoring upon release from incarceration. We have determined that the posture of this case should have prevented the Court of Appeals from considering either issue, and likewise prevents us from reviewing those issues on the merits. Consequently, we vacate the holdings of the Court of Appeals on those issues. The effect of this will be to affirm the Court of Appeals in its holding that Dunn's sentence of 78 months' imprisonment was illegal and remand the case to the district court for resentencing.

FACTS AND PROCEDURAL HISTORY

Dunn was charged in district court with one count of rape, an off-grid offense, for acts which occurred with an underage partner while Dunn was 18 years old. Dunn pled no contest to the charge and sought a departure sentence. At the sentencing hearing, the district court granted Dunn's motion for departure from an off-grid, indeterminate life sentence to an on-grid, determinate sentence for four reasons:  he was only 18 years old at the time of the crime, the victim's family believed that a life sentence would be excessive, this was not a crime of violence, and he expressed sincere and heartfelt remorse. After departing to the grid, the district court granted a further durational departure for the same reasons, finding that the presumptive sentencing range of 166 months to 186 months would be excessive. Ultimately, the district court departed to 78 months' imprisonment with 15 percent good time credit and 60 months' postrelease supervision.

2

The State objected at the sentencing hearing, arguing that Dunn should also be subject to lifetime electronic monitoring. The district court retained jurisdiction over sentencing and had the parties submit briefs. At the follow-up sentencing hearing, the district court found that it agreed with the State. The district court held that it had authority to depart to the grid and then further reduce from the presumptive grid sentence, but it was required to impose both lifetime postrelease supervision and lifetime electronic monitoring.

Dunn appealed to the Court of Appeals on three sentencing issues: that the district court erred in imposing lifetime postrelease supervision, that the district court erred in imposing lifetime electronic monitoring, and that the district court erred because it failed to grant him good time credit. For the first time on appeal, the State argued that the district court imposed an illegal sentence by departing more than 50 percent from a standard guideline sentence.

The panel addressed the State's durational issue first. It held that for convictions of extreme sexual violence, including the statutory rape for which Dunn pled no contest, K.S.A. 2018 Supp. 21-6818(a), prevents a sentencing judge from imposing a departure sentence to less than 50 percent of the standard penalty within the applicable guidelines grid. With Dunn's criminal history score of H and the severity level 1 person felony, the sentencing grid box was 166-176-186. Since half the standard penalty of 176 months would be 88 months, the district court had issued an illegal sentence in Dunn's case by sentencing him to only 78 months. The panel found Dunn had conceded this issue in his reply brief, and the issue was not raised to this court by either party. The panel then addressed and determined the three additional issues raised by the parties on appeal. This court granted review on the issues of postrelease supervision and lifetime electronic monitoring.

3

The presumptive sentence in this case was determined by the nature of the crime that occurs when an 18-year-old has sex with a 12-year-old. That presumptive sentence is an off-grid indeterminate sentence of life in prison. See K.S.A. 2018 Supp. 21-5503(a)(3); K.S.A. 2018 Supp. 21-6627. Under current law, parole may be considered only after the defendant has served 25 years of incarceration. See K.S.A. 2020 Supp. 22-3717(b)(6).

Because Dunn had no prior convictions, the law allowed the sentencing judge to issue a departure sentence if there were substantial and compelling reasons to do so. K.S.A. 2018 Supp. 21-6627(d)(1). When the sentencing judge found such substantial and compelling reasons to issue a departure sentence, Dunn's crime of conviction was then transformed into an on-grid, level 1 severity crime. See K.S.A. 2018 Supp. 21-6818(b)(1); K.S.A. 2018 Supp. 21-5503(b)(1); *State v. Spencer*, 291 Kan. 796, 827, 248 P.3d 256 (2011) ("A sentencing judge who departs from the mandatory minimum of Jessica's Law should look to the severity level assigned to the crime when it lacks the element of disparity between the defendant's and the victim's ages."). His presumptive sentence was then determined by the intersection of the severity of the crime (level 1) and his criminal history letter score, which for Dunn was "H."

Further departure was available to the sentencing judge if substantial and compelling reasons were found, but the judge's discretion to depart was limited by a floor that is calculated as 50% of the standard grid sentence, which is the middle number in the applicable "box" on the sentencing grid. K.S.A. 2018 Supp. 21-6818(a). In this case, the middle number at the intersection of a level 1 severity crime and criminal history score of "H" was 176 months. K.S.A. 2018 Supp. 21-6804(a). Since Dunn was ultimately given a

sentence of 78 months, which was 10 months less than the minimum sentence the judge was authorized to impose, the sentence was illegal.

At this juncture, the only appropriate course of action—once it was determined that the sentence was illegal—would have been for the Court of Appeals panel to remand the case to district court to impose a legal sentence. Any further consideration on the merits could result in holdings merely advisory. See *State ex rel. Schmidt v. City of Wichita,* 303 Kan. 650, 659, 367 P.3d 282 (2016) (Kansas courts do not issue advisory opinions.). Concerning the two issues on review, we neither offer, nor imply, any opinion concerning their merits but must vacate the panel's holdings on those issues.

The decision of the panel that the 78-month sentence imposed was illegal is effectively affirmed. The holdings of the panel on the two issues before us, of lifetime postrelease supervision and lifetime electronic monitoring, are vacated. The case is remanded to the district court for resentencing.

The parties urge us to decide the remaining issues in the name of judicial efficiency, but we cannot. Given the nature of Dunn's conviction, we must send this case back to the district court so that the judge can deliver a legal sentence, as is within the judge's discretion. If the parties find issue with *that* sentence, they have the right to appeal it.

The decision of the Court of Appeals is affirmed in part and vacated in part; the sentence is vacated and the case is remanded to the district court for resentencing.