IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 127,259

In the Interest of A.K.,
a Minor Child.

SYLLABUS BY THE COURT

1.

K.S.A. 38-2248(f) gives the court the authority to permit a proffer against an absent party in an evidentiary hearing to terminate parental rights if the party has not instructed counsel to object to proceeding by proffer, but it does not require the court to do so.

2.

Under K.S.A. 38-2248(f), a court may not permit a proffer against an absent party at an evidentiary hearing to terminate parental rights if that party instructed their counsel to object. Pursuant to the explicit language, however, the party must affirmatively instruct their counsel to object to proceeding by proffer to require an evidentiary hearing.

3.

A proffer for purposes of K.S.A. 38-2248(f) is a statement or submission describing the substance of evidence.

4.

Evidence is the means from which inferences may be drawn as a basis of proof and includes testimony in the form of opinion, and hearsay. Evidence is given under oath, subject to cross-examination, limited to things within a witness' personal knowledge,

1

experience, and education or training, and must be authentic and relevant. These features give evidence a measure of reliability, so that it tends to prove a material fact.

5.

A proffer, as a matter of law, is not evidence.

6.

Pursuant to K.S.A. 38-2269(a), a district court must rely on clear and convincing evidence in making a finding of unfitness and terminating parental rights.

7.

K.S.A. 38-2248(f) permits a proffer against an absent party who has not instructed their counsel to object. But it does not permit the district court to make a finding of unfitness or terminate parental rights on the proffer alone.

Review of the judgment of the Court of Appeals in an unpublished opinion filed September 20, 2024. Appeal from Johnson District Court; KATHLEEN SLOAN, judge. Oral argument held April 2, 2025. Opinion filed July 18, 2025. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed, and the case is remanded with directions.

*Richard P. Klein*, of Lenexa, argued the cause and was on the brief for appellant.

*Maria Davies*, assistant district attorney, argued the cause, and *Shawn E. Minihan*, assistant district attorney, and *Stephen M. Howe*, district attorney, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: The district court terminated Mother's parental rights based on the State's proffer of evidence pursuant to K.S.A. 38-2248(f). Mother appealed, arguing the

2

court had no authority to proceed by proffer because she had instructed her counsel to object. She also argued K.S.A. 38-2248(f) violates procedural due process by permitting a case to proceed by proffer rather than requiring the presentation of actual evidence. She argued in the alternative that it is unconstitutional as applied to her. The Court of Appeals affirmed the district court. We reverse both courts because we hold the district court misapplied K.S.A. 38-2248(f) when it terminated Mother's parental rights based on a proffer alone. We remand the case to the district court for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

On June 16, 2022, the State filed a petition alleging A.K., then three years old, was a child in need of care. On September 15, 2022, A.K.'s mother and father entered no contest statements to the allegations in the petition, and the court found A.K. to be a child in need of care. Sometime in the next few months, Father died and ceased being a subject of the termination proceedings.

On April 27, 2023, the State filed a motion to terminate Mother's parental rights. On June 13, 2023, the court held a pretrial conference on the motion, at which Mother did not appear. Her attorney appeared and informed the court he had not heard from Mother. The court set a date for a "proffer trial" on the motion, pursuant to K.S.A. 38-2248(f), which provides: "In evidentiary hearings for termination of parental rights under this code, the case may proceed by proffer as to parties not present, unless they appear by counsel and have instructed counsel to object."

At the "proffer trial" on July 25, 2023, Mother was absent at the beginning of the hearing. Her attorney was present and informed the court Mother had contacted him to let him know she was in treatment and did not want to lose custody of her daughter. The

3

attorney told the court: "As such, Judge, I have to as an advocate for my client at this juncture object to the proffer trial and ask the court that we proceed—well, more formally." The court then "set the matter for trial since there is an objection to proffer." The court set a trial date for November 1, 2023.

The court held a pretrial conference on October 4, 2023, at which Mother was not present. Mother's attorney appeared and told the court he had not heard from Mother, so he would "raise no objection to a proffer." The court informed the parties:

> "Well, we were set—originally we had a permanency hearing proffer set on July 25th. Mother did show up. And so, I mean, I agree it is frustrating, but that—I mean, that has happened. [Mother's counsel] has since indicated that his client has not directed him to object to a proffer trial, so we are going to keep the day reserved in case Mother shows up and then we will have a trial. If she does not, I would imagine that the State will ask to proceed by proffer."

Mother did not appear at the trial on November 1, 2023, and substitute counsel appeared on behalf of Mother's attorney. He informed the court that Mother's counsel asked him to request a continuance on behalf of Mother because she was hospitalized with congestive heart failure. The State opposed the continuance, arguing Mother had little to no contact with anyone since the case began, so the hospitalization did not justify a continuance. The State requested they proceed by proffer because Mother was not present and had not instructed her counsel to object to proceeding by proffer at this trial.

Mother's substitute counsel's only response was, "[The State] is accurate, I have not been instructed to oppose a proffer." The district court concluded there was not good cause to continue and informed the parties they would proceed by proffer. Generally, the State's attorney asserted Mother had a long history of chronic drug use that rendered her

4

unable to care for A.K., which led to A.K. being adjudicated a child in need of care. The State claimed Mother totally failed to complete case plan tasks aimed at reintegration, like securing stable housing, undergoing mental health assessments, maintaining contact with caseworkers, and submitting to scheduled drug screenings so she could have visitation with A.K. The guardian ad litem argued termination of Mother's parental rights was in A.K.'s best interests. Mother's substitute counsel presented no argument or evidence in response.

The district court terminated Mother's parental rights based on a finding that "the proffer of evidence constitutes clear and convincing evidence that [Mother] is unfit as a parent" and that it was in the best interests of A.K. to terminate Mother's parental rights.

Mother appealed, arguing the court violated K.S.A. 38-2248(f) when it permitted the State to proceed by proffer because her attorney objected to a proffer procedure at the July 25 hearing. She also argued that if K.S.A. 38-2248(f) permitted the court to proceed by proffer, K.S.A. 38-2248(f) violates due process on its face, and, if not, as applied to her. The Court of Appeals rejected her claims and affirmed. *In re A.K.*, No. 127,259, 2024 WL 4248420 (Kan. App. 2024) (unpublished opinion).

ANALYSIS

*Preservation*

In this appeal, Mother presents statutory and constitutional issues. None were advanced in the district court. The Court of Appeals noted this preservation failure. It also opined that Mother may have invited any error but had not waived her right to due process. Although it believed "Mother's claims are more likely not properly heard," it

5

reached the merits of all her claims because they affect the fundamental right to parent, and Mother had not been present at the final hearing. *In re A.K.*, 2024 WL 4248420, at *7.

Because no party sought review of these procedural holdings, we pass no judgment on their validity. See *Kansas Fire & Safety Equip. v. City of Topeka*, 317 Kan. 418, 425, 531 P.3d 504 (2023) (per Kansas Supreme Court Rule 8.03[b][6][C][i] [2023 Kan. S. Ct. R. at 56] Supreme Court will not consider issues not presented or fairly included in petition for review). We move forward to analyze Mother's assertions of error in the panel's analysis of her claims.

*The district court made no error when it permitted the State to submit a proffer of evidence under K.S.A. 38-2248(f).*

The Court of Appeals held the district court correctly followed the procedures outlined in K.S.A. 38-2248(f) when it permitted the State to proceed by proffer. Mother challenges the panel's ruling, arguing the court could not permit the State to proceed by proffer under K.S.A. 38-2248(f) because her counsel objected at the hearing on July 25. In challenging the panel's ruling, Mother presents an issue of statutory interpretation, which we review de novo. *Siruta v. Siruta*, 301 Kan. 757, 761, 348 P.3d 549 (2015).

The statutory provision at issue in this case, K.S.A. 38-2248(f), provides: "In evidentiary hearings for termination of parental rights under this code, the case may proceed by proffer as to parties not present, unless they appear by counsel and have instructed counsel to object."

6

Because Mother was not present at the final hearing to terminate her parental rights on November 1, and her substitute counsel indicated he had no instruction to object to proceeding by proffer, the district court permitted the case to proceed by proffer. This meant the State's attorney described to the court the facts it believed showed Mother was unfit. The court found Mother unfit and terminated her parental rights based on that description.

On appeal, Mother argued the court had no statutory authority to proceed by proffer at the November 1 hearing because her counsel had objected to proceeding by proffer at the July 25 setting.

The panel disagreed, ruling that nothing in the record indicated Mother had "*instructed* counsel to object" to proceeding by proffer at the July 25 hearing; the record indicated only that counsel had objected because they felt they should as Mother's advocate. (Emphasis added.) Moreover, the panel ruled, even if Mother had instructed counsel to object at the July 25 hearing, she waived that objection because "[c]ounsel advised the court during each later hearing that he had not been directed to object to a trial by proffer." *In re A.K.*, 2024 WL 4248420, at *8.

Mother argues the panel erred in concluding she did not instruct counsel to object. She does not point to any place in the record showing she explicitly gave such instruction, but she asserts one can infer she did because counsel objected and "counsel could not have ethically objected to a proffer" if she had not instructed them to do so. We reject this argument. Mother offers no support for her assertion that counsel could object only if she explicitly instructed them to object.

7

Mother also argues we can infer she instructed counsel to object because "the district court took the objection as being directed by the mother because it set a full-day evidentiary trial instead of allowing the State to proffer evidence."

Again, Mother's argument is unpersuasive. A district court may decline a party's request to proceed by proffer regardless of whether an absent party instructed their lawyer to object to a proffer. K.S.A. 38-2248(f) simply *permits* the court to proceed by proffer if a party is absent and has not instructed counsel to lodge an objection. The court here set a full-day trial date because "there is an objection to proffer." It did not indicate that *Mother had instructed counsel* to object.

Based on the explicit language of K.S.A. 38-2248(f), we agree with the panel that the district court made no statutory error in permitting the case to proceed by proffer because the record indicates Mother never "instructed counsel to object" to proceed by proffer.

Mother's counsel suggested at oral argument the statute should not be construed to require "magic words" from a parent to prohibit a proffer, implying that is impractical or too high a burden. We understand this argument, especially given a nonlawyer's limited familiarity with legal proceedings. But we are bound by the language of the statute, and it unambiguously requires an absent party to "have instructed counsel to object." Mother has not argued that this language is ambiguous or offered any support for an interpretation other than what we read from the plain language. We affirm the panel's holding the district court made no statutory error in permitting the State to present a proffer of evidence.

8

*K.S.A. 38-2248(f) does not permit a court to make a finding of unfitness based upon a proffer alone.*

Mother argued in the Court of Appeals that K.S.A. 38-2248(f) violates the right to procedural due process because it allows a court to terminate parental rights based on a proffer of evidence instead of actual evidence. She argued in the alternative that even if the statute is constitutional on its face, it is unconstitutional as applied to her because she has engaged with the proceedings. The panel rejected both of her claims.

We need not reach the panel's constitutional rulings because we resolve Mother's claims on statutory grounds. See *Butler v. Shawnee Mission School District Board of Education*, 314 Kan. 553, 574, 502 P.3d 89 (2022) (under constitutional avoidance doctrine, courts refrain from deciding constitutional questions unless necessary). Instead, we vacate those holdings without passing judgment on their merit. Because Mother is entitled to statutory relief, any opinion considering her constitutional claims is merely advisory, and Kansas courts do not issue advisory opinions. See *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016) (when possible, courts should rely on nonconstitutional grounds to resolve a case to avoid rendering advisory opinions on constitutional issues); see also *State v. Dunn*, 313 Kan. 8, 11, 483 P.3d 446 (2021) (declining to consider claims unnecessary to resolve appeal and vacating Court of Appeals analysis of those claims because courts do not issue advisory opinions). The panel offered some statutory interpretation in its analysis, but we give it no deference because we take a de novo approach to statutory interpretation. See *State v. Wilson*, 319 Kan. 55, 64, 552 P.3d 1228 (2024).

When a child has been adjudicated a child in need of care, a court may terminate parental rights to that child if the parent is unfit and if termination would be in the child's

9

best interests. K.S.A. 38-2269(a); (g)(1). The State must establish unfitness by clear and convincing evidence. K.S.A. 38-2269(a). K.S.A. 38-2269 sets out factors a court should consider in deciding unfitness. In this case, the State argued that Mother was unfit to parent based on K.S.A. 38-2269(b)(3) (use of substances makes parent unable to care for child), (b)(4) (physical, mental, emotional abuse or neglect or sexual abuse), (b)(8) (lack of effort to adjust circumstances to meet child's needs), (c)(2) (failure to maintain regular visits, contact, communication), and (c)(3) (failure to carry out a reasonable reintegration plan).

Because Mother was absent from the hearing to terminate her parental rights and she had not instructed counsel to object, the district court permitted the State to support these allegations by proffer. The State did so by asserting the facts it believed its evidence would establish if it offered that evidence. The district court found Mother was unfit based on those factual assertions.

Both parties and lower courts presumed K.S.A. 38-2248(f) permits a district court to make a finding of unfitness based on a proffer alone. Mother argues this makes the statute facially unconstitutional.

We conclude the parties and the lower courts misapplied K.S.A. 38-2248(f). Although this statute permits the State to submit a proffer of evidence, it does not give the district court the authority to rely on this proffer alone in finding a parent is unfit and terminating their parental rights.

In interpreting a statute, we look for legislative intent. We turn first to the plain language of the statute, giving common words their ordinary meaning. We look beyond

the language of the statute to legislative history or canons of construction only if the language is ambiguous. *Bruce v. Kelly*, 316 Kan. 218, 224, 514 P.3d 1007 (2022).

As discussed, K.S.A. 38-2248(f) provides:  "In evidentiary hearings for termination of parental rights under this code, the case may proceed by proffer as to parties not present, unless they appear by counsel and have instructed counsel to object."

The statute purports to govern "evidentiary hearings for termination of  parental rights . . . ." K.S.A. 38-2248(f). This indicates the statute applies at hearings before the court during which the parties present evidence regarding a motion to terminate parental rights. It then authorizes a party to "proceed by proffer as to parties not present" unless that party has instructed their counsel to object. "Proceed" has a plain meaning; it means "to advance or go on." Websters New World College Dictionary 1160 (5th ed. 2016).

The dictionary definition of "proffer" offers less clarity. Webster's Dictionary defines it as an "offer or proposal." Webster's New World College Dictionary 1162 (5th ed. 2016) (defining proffer as "an offer or proposal"). The legal dictionary gives a similar definition, describing a proffer as a "proposal or offer made without formal negotiations." Black's Law Dictionary 1465 (12th ed. 2024). These definitions of "proffer" are lacking because they do not tell us *what* a party must offer or propose.

But this lack of clarity in the ordinary definition does not lead to immediate ambiguity, because "proffer" carries a specific legal meaning. See *In re Wrongful Conviction of Spangler*, 318 Kan. 697, 702, 547 P.3d 516 (2024) (when a statute does not define a word, this court sometimes looks beyond the "ordinary, contemporary, and common meaning of words" to "other legal authorities when examining the meaning of words with a technical, legal meaning").

11

Generally, courts use the term "proffer" to reference a party's description of what their evidence would be if presented. Courts require such a proffer when there are questions about evidence admissibility and rely upon it to make an admissibility decision. *State v. Deal*, 271 Kan. 483, 490, 23 P.3d 840 (2001), *overruled on other grounds by State v. Davis*, 283 Kan. 569, 158 P.3d 317 (2006). The proffer also permits appellate review of the admission or exclusion of that evidence. See *State v. White*, 316 Kan. 208, 212, 514 P.3d 368 (2022). K.S.A. 60-405 codifies the proffer requirement for appellate review (verdict or finding shall not be set aside for exclusion of evidence unless "substance" of evidence made known on record). In this context, a proffer of evidence need not be "formal." It need only demonstrate "the substance" of the evidence sought to be introduced. "Answers to discovery, the parties' arguments, or in-court dialogue" may be sufficient. *State v. Swint*, 302 Kan. 326, 332, 352 P.3d 1014 (2015).

Based on the legal meaning of "proffer," K.S.A. 38-2248(f) authorizes the district court to permit a party to describe the substance of its evidence against an absent party who has not instructed their counsel to object to a proffer.

The parties and the lower courts correctly interpreted the statute to this point. But they read further meaning into the statute in presuming it permits the district court to rely on that proffer alone in making a finding of unfitness and terminating parental rights.

Their interpretation creates immediate tension within the provision. K.S.A. 38-2248(f) applies at "evidentiary hearings for termination of parental rights," or proceedings during which a fact-finder receives *evidence* regarding the termination of parental rights. If the statute permits the district court to render its decision based upon a

proffer alone, the proceeding is not an *evidentiary* hearing, because a proffer is not evidence.

"'*Evidence*' is the means from which inferences may be drawn as a basis of proof . . . and includes testimony in the form of opinion, and hearsay." K.S.A. 60-401. Witness testimony is given under oath, is subject to cross-examination, and is limited to things within the witness' personal knowledge, experience, and education or training. K.S.A. 60-418; K.S.A. 2024 Supp. 60-243; K.S.A. 60-419. A party must prove any physical evidence is relevant and authentic. K.S.A. 2024 Supp. 60-464; K.S.A. 60-407. These features give evidence a measure of reliability, so that it tends to prove a material fact.

In contrast, a *proffer* shares none of these indica of reliability. As we have discussed, it simply demonstrates "the substance" of the evidence sought to be introduced. See *Swint*, 302 Kan. at 332; see also *LaMarca v. State*, 785 So. 2d 1209, 1216 (Fla. 2001) ("Proffered evidence is merely a representation of what evidence the defendant proposes to present and is not actual evidence.").

Not only does the parties' and the lower courts' interpretation create tension within the statute itself, but it also creates a clear conflict with K.S.A. 38-2269(a). This provision authorizes a district court to find a parent is unfit only upon clear and convincing *evidence*. If we construe K.S.A. 38-2248(f) to allow a district court to find unfitness based on a proffer alone, we override this explicit direction in K.S.A. 38-2269(a). Our rules of construction counsel against needlessly construing a statute into inconsequence. See *State v. Keel*, 302 Kan. 560, 574, 357 P.3d 251 (2015) (when construing a statute, we presume the Legislature did not enact meaningless legislation).

13

Instead of creating tension among its own language and rendering meaningless a different provision, we take the language in K.S.A. 38-2248(f) at its word. It permits a proffer against an absent party who has not instructed their counsel to object. But this is all that it does.

To know when a district court can find a parent unfit and terminate parental rights, we look to the more specific statute, K.S.A. 38-2269(a), which requires clear and convincing evidence of unfitness. See *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 922, 349 P.3d 469 (2015) ("a specific statute controls over a general one"). Pursuant to this statute, the district court must rely on more than a proffer in finding a parent unfit. Thus, while K.S.A. 38-2248(f) permits a party to submit a proffer of some of its evidence, it will need to present more to establish unfitness. See e.g. *In re Harris*, 16 Cal. 5th 292, 318, 322 Cal. Rptr. 3d 157, 550 P.3d 116 (2024) (holding that parties may rely on a proffer in establishing clear and convincing evidence but only if they demonstrate the proffer's reliability through other means and "general assertions by the prosecution regarding what the evidence is likely to show" will not suffice).

In this case, the State supported its allegation that Mother was unfit with a proffer of the facts it believed its evidence would establish. The district court relied upon that proffer alone to find Mother unfit and terminate her parental rights. In doing so, the district court made a legal error because it may not make a finding of unfitness and terminate parental rights on less than clear and convincing evidence. A proffer, as a matter of law, is not evidence. We reverse the lower courts and remand this case to the district court for further proceedings.

Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed, and the case is remanded with directions.

WILSON, J., not participating.