NOT DESIGNATED FOR PUBLICATION

No. 127,362

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

TIMOTHY WASHINGTON JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Jackson District Court; NORBERT C. MAREK JR., judge. Oral argument held July 8, 2025. Opinion filed August 15, 2025. Sentence vacated and case remanded with directions.

*Dylan Pryor*, of Kansas Appellate Defender Office, for appellant.

*Natalie Chalmers*, principal assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before WARNER, C.J., BRUNS and BOLTON FLEMING, JJ.

PER CURIAM:  Timothy Washington Jr. appeals his felony sentence for interference with law enforcement, claiming the district court infringed upon his Sixth Amendment rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).

Washington was charged with felony interference with law enforcement and aggravated assault as the result of an alleged road rage incident and traffic stop. The charge in the State's complaint for felony interference with law enforcement was alleged

1

to have occurred during the discharge of an official duty, which the State described as "failure to follow lawful orders and/or failure to provide identifying information upon request, in the case of a felony." But at trial, the jury was instructed that it was to consider whether interference occurred during the discharge of an official duty, "namely conducting a traffic stop." Neither party objected to the language regarding a traffic stop in the instruction.

The jury convicted Washington of interference with law enforcement that occurred during a traffic stop but acquitted him of aggravated assault. At sentencing, the district court, relying on its own recollection of the evidence from trial, made a factual finding that the interference occurred during the investigation of a felony, contrary to the jury's finding that the interference occurred during a traffic stop. The district court then classified the interference with law enforcement conviction as a felony instead of a misdemeanor. The district court sentenced Washington to a 5-month underlying sentence, which was suspended, and Washington was ordered to serve 12 months of probation. Washington has since completed his probation.

After careful consideration, we first find that Washington's appeal is not moot, despite the fact he has completed probation, because the collateral consequences of a felony conviction will continue to impact his rights and interests. Second, we find that the district court erred by making a factual finding that increased Washington's penalty beyond the statutory maximum, which violated Washington's Sixth Amendment rights under *Apprendi*. Finally, we conclude that the district court's error was not harmless. As a result, we vacate the sentence and remand with directions to the district court to enter an amended sentencing journal entry reflecting the conviction for interference with law enforcement as a Class A, nonperson misdemeanor. There is no need for resentencing as Washington has successfully completed his probation.

In September 2022, Kansas Highway Patrol Trooper Alexandra Morris, stationed on U.S. Highway 75 in Jackson County, received a report from Hudson Roles, alleging that a man in a truck threatened him with a gun. Morris spotted a truck matching Roles' description, driven by Washington. Trooper Morris testified that Washington appeared agitated, stopped abruptly in traffic, and nearly caused an accident. She initiated a traffic stop for a traffic infraction and to investigate a possible aggravated assault.

Approaching Washington's vehicle, Morris observed a loaded handgun on the console. She testified that Washington ignored multiple requests to place his hands on the wheel and provide his license. Morris signaled for backup, prompting six to seven officers, including Deputy Dennis Immenschuh, a nearby Jackson County Sheriff's Office deputy, to respond. Immenschuh testified that Washington eventually cooperated, exiting the vehicle and providing his license after being informed of the detention.

Morris arrested Washington for aggravated assault, based on Roles' statement, and interference with law enforcement for noncompliance. He was charged with felony interference based on the allegation that he knowingly obstructed Morris from discharging her official duty during a felony investigation. At trial, Washington moved for a directed verdict, arguing he lacked intent to interfere with Morris' official duty and was unaware of the felony investigation. The court denied the motion.

Jury instruction No. 8 required finding Morris was "discharging an official duty, namely conducting a traffic stop," and that Washington "knowingly resisted" by failing to follow orders or provide information, which substantially hindered her. Instruction No. 10 mandated jury unanimity on the specific act of obstruction. The jury acquitted Washington of aggravated assault but convicted him of interference with law enforcement that occurred during a traffic stop.

Before sentencing, Washington moved for a directed verdict, seeking to reduce the charge to a misdemeanor. He argued that based on the jury's verdict, the interference occurred during a traffic stop. But the district court denied the motion, using its own recollection to reference Morris' testimony about investigating a felony firearm threat and her seeing a gun. As a result, the district court imposed a felony sentence.

The district court sentenced Washington to a 5-month suspended sentence and 12 months of probation, which he successfully completed while this appeal was pending. He appeals the district court's decision to classify his offense of interference with law enforcement as a felony instead of a misdemeanor.

ANALYSIS

*Washington's appeal is not moot.*

As a preliminary matter, we address whether Washington's appeal is moot since he has successfully completed probation. Under a recently decided Kansas Supreme Court decision in *Phipps*, Kansas courts may no longer utilize prudential mootness exceptions and must dismiss appeals as moot when no controversy remains, or a judgment would be ineffectual for any purpose and would not impact any of the parties' rights and interests. Whether a case is moot is a question of law, subject to unlimited appellate review. *State v. Phipps*, 320 Kan. __, Syl. ¶ 2, 570 P.3d 1240 (2025).

Felony convictions impose lasting collateral consequences, including juror disqualification and employment restrictions. Washington's minimal criminal history, one misdemeanor, heightens these consequences. Since a judgment in his appeal will affect Washington's rights and interests, the appeal remains justiciable. Thus, the case is not moot, and we may proceed to the merits.

4

*The district court's decision violated Washington's Sixth Amendment rights under* Apprendi.

*Preservation*

Washington preserved this issue by moving for a directed verdict to a misdemeanor crime before sentencing. Even if unpreserved, Washington invokes the fundamental rights exception under Kansas Supreme Court Rule 6.02(a)(5), which permits review. Supreme Court Rule 6.02(a)(5) (2025 Kan. S. Ct. R. at 36); *State v. Robison*, 314 Kan. 245, 247-48, 496 P.3d 892 (2021). Thus, the issue is preserved.

*Standard of Review*

Under *Apprendi*, any fact, other than prior convictions, that increases a penalty beyond the statutory maximum must be found by a jury beyond a reasonable doubt. 530 U.S. at 490. The "statutory maximum" is the highest sentence a judge may impose based on the jury's verdict alone. *Blakely v. Washington*, 542 U.S. 296, 303-04, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Whether an *Apprendi* violation occurred is a legal question reviewed de novo. *State v. Nunez*, 319 Kan. 351, 353, 554 P.3d 656 (2024).

Statutory interpretation, relevant to classification under K.S.A. 2022 Supp. 21-5904, is also reviewed de novo. *State v. Betts*, 316 Kan. 191, 197, 514 P.3d 341 (2022).

*Discussion*

*Washington's felony sentence violates* Apprendi's *jury fact-finding requirement.*

Under K.S.A. 2022 Supp. 21-5904, interference with law enforcement is categorized according to the character of the officer's investigation at the moment of the interference. When an officer operates under the belief that they are probing into a felony, such interference is classified as a severity level 9 felony. Conversely, should the officer's

investigation pertain to a non-felony issue, the resulting interference is deemed a class A misdemeanor. See K.S.A. 2022 Supp. 21-5904(b)(5). The determination of whether an action constitutes interference or obstruction hinges not on the eventual legal status of the defendant but rather upon the officer's rationale for initiating contact with the individual in question. This clearly articulated standard serves to shift the analytical focus towards the officer's perspective at the time of the engagement. *State v. Johnson*, 40 Kan. App. 2d 196, 201, 190 P.3d 995 (2008) (citing *State v. Hudson*, 261 Kan. 535, 538, 931 P.2d 679 [1997]).

The jury convicted Washington of interference with law enforcement, "namely conducting a traffic stop," as specified in instruction No. 8—a non-felony act. However, the court imposed a felony sentence with a sentencing element, based on its recollection of Morris' subjective belief that she was investigating a felony. Washington argues this judicial finding violates *Apprendi*. The State contends Morris' uncontested testimony supports the felony classification and any error is instructional rather than constitutional.

Yet, Washington does not claim any instructional error, contradicting the State's assertion that the jury instructions triggered a clear error standard. Washington never challenged the instructions, nor did the State file a cross-appeal.

The language in instruction No. 8 regarding a traffic stop was not specifically discussed during the instructions conference, and nothing in the record explains its inclusion. Nor did the State's closing argument address whether the jury needed to find that Morris objectively believed she was investigating a felony, leaving the jury's verdict centered on the specified misdemeanor of interference with a traffic stop.

Consequently, the jury found Washington guilty of interfering with law enforcement during a traffic stop, which is classified as a misdemeanor, not a felony. This specificity benefits Washington by ensuring that the jury's verdict is limited to a

misdemeanor charge. Even so, the district court issued a felony sentence, based on its recollection of Morris' belief that a felony investigation was taking place—a fact not found by the jury. Under *Apprendi*, the jury, not the judge, must make a factual finding, beyond a reasonable doubt, that the interference occurred while Morris was investigating a felony. 530 U.S. at 490. Instead, the jury found beyond a reasonable doubt that the interference occurred during a traffic stop. The district court replaced the jury's verdict with its own factual finding. Judges cannot base their sentences on facts that the jury has not established, as this exceeds their authority. *Blakely,* 542 U.S. at 303-04.

Thus, Washington is correct that the error violates *Apprendi*, and is subject to harmless error review, shifting the burden to the State to prove beyond a reasonable doubt that the error did not affect the outcome. *Nunez*, 319 Kan. at 353.

*The* Apprendi *error was not harmless.*

*Apprendi* errors are subject to harmless error review, with the State bearing the burden to prove beyond a reasonable doubt that the error did not affect the outcome. *Nunez*, 319 Kan. at 356; *State v. Ward*, 292 Kan. 541, 569, 256 P.3d 801 (2011).

In *State v. Lundquist*, the court held that the evidence was unable to sustain Lundquist's conviction for felony obstruction of official duty. The officers arrested Lundquist based solely on misdemeanor infractions—expired tags and a broken taillight, neither of which justified the heightened charge. The court explained that the leap from minor violations to a felony obstruction conviction was unsupported by the record. *State v. Lundquist*, 30 Kan. App. 2d 1148, 1154-55, 55 P.3d 928 (2002).

The State's claim that the evidence was "unquestionably sufficient" for felony interference is conclusory and fails to address the instruction's limitation. Unlike *Lundquist*, where misdemeanor infractions alone do not support a felony charge, the

instruction here explicitly confines the jury's focus to a traffic stop. *Lundquist*, 30 Kan. App. 2d at 1152. The dual-purpose nature of the stop—addressing both a traffic infraction and a felony investigation—further muddles the issue, as the jury could reasonably have centered its attention solely on the traffic infraction. But the specificity in jury instruction No. 8 eliminates the possibility of considering Morris' broader felony investigation.

Moreover, the State's cursory briefing on harmlessness further weakens its position. *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021) (issues not adequately briefed are deemed waived or abandoned). The error, intrinsic to Washington's felony sentence status, was not harmless. Thus, after reviewing the entire record, the State has failed to meet its burden of proving harmlessness.

*Jury instruction specificity constrains the classification and sentence to a misdemeanor.*

Kansas law ties the sentencing classification for interference with law enforcement to a law enforcement officer's subjective belief about the investigation. E.g., *State v. Carter*, 30 Kan. App. 2d 1247, 1254, 57 P.3d 825 (2002). But *Apprendi* demands that such an element, when it increases the penalty, be found by a jury. 530 U.S. at 490. The State's argument that Morris' testimony suffices ignores this constitutional mandate. The jury's acquittal on aggravated assault further suggests it rejected the felony investigation context.

Unlike *State v. Scott*, 28 Kan. App. 2d 418, 425, 17 P.3d 966 (2001), where the court held that jury instructions for felony interference need not specify the officer's belief in a felony investigation in light of undisputed evidence which supported felony interference, the specificity of Washington's instruction No. 8 constrained the jury's verdict to a traffic stop. Washington's situation is more analogous to *State v. Kelley*, 38 Kan. App. 2d 224, 227, 162 P.3d 832 (2007) (obstructing a traffic stop does not elevate to

8

a felony, as traffic infractions are not felonies). Here the jury's verdict supports only a misdemeanor conviction, like *Kelley*, as it found interference with a traffic stop, not a felony investigation.

Moreover, the State's dual-purpose stop argument, for both traffic infraction and felony, does not override the instruction's limitations. See *Blakely*, 542 U.S. at 303-04. The jury's acquittal on aggravated assault underscores that no felony was found. Nor did any instruction direct the jury to consider Morris' subjective belief that she was conducting a felony investigation: her testimony—however explicit—cannot substitute for a jury finding. See *Blakely*, 542 U.S. at 303-04.

Kansas courts have repeatedly required sentencing to align with jury findings. *In re Wrongful Conviction of Sims*, 318 Kan. 153, 157-59, 542 P.3d 1 (2024) (remanding for misdemeanor sentencing when felony classification was unsupported); *Kelley*, 38 Kan. App. 2d at 227.

While Washington's jury instructions' specificity highlights the error, *Apprendi* governs because the sentence was based on a fact not found by the jury, thereby implicating his Sixth Amendment right to a jury trial. 520 U.S. at 490. And Morris' uncontested testimony does not satisfy the jury fact-finding requirement of *Apprendi* either. See *Blakely*, 542 U.S. at 303-04. Thus, the "traffic stop" instruction limits the conviction to a misdemeanor, as the jury did not find interference with law enforcement during a felony investigation.

*The verdict supports a Class A, nonperson, misdemeanor conviction.*

K.S.A. 2022 Supp. 21-5904(b)(5)(B) designates non-felony interference as a class A, nonperson misdemeanor. Washington argues for a class C misdemeanor, citing default provisions for unclassified crimes under K.S.A. 21-5102 and 21-6602(a)(4). The State

9

attempts to tie the interference to reckless driving, a class A misdemeanor, but this argument lacks merit. There are no charges or findings regarding reckless driving.

Statutory interpretation is reviewed de novo. *Betts*, 316 Kan. at 197.

K.S.A. 2022 Supp. 21-5904(a)(3) defines interference with law enforcement as knowingly obstructing an officer in the discharge of official duties. The offense's classification depends on the context of the officer's duty:

- Felony:  Severity level 9, nonperson felony if the officer was investigating a felony. K.S.A. 2022 Supp. 21-5904(b)(5)(A).
- Misdemeanor:  Class A, nonperson misdemeanor if the officer was investigating a misdemeanor or other non-felony offense. K.S.A. 2022 Supp. 21-5904(b)(5)(B).

K.S.A. 21-5102 defines a crime as any act or omission that is defined by law and can result in penalties such as death, imprisonment, or fines. Crimes are categorized into four types:  (1) felonies (punishable by death or state imprisonment); (2) misdemeanors; (3) traffic infractions (violations of specific traffic laws); and (4) cigarette or tobacco infractions (violations of specific tobacco-related statutes).

K.S.A. 21-6602(a) outlines the classifications and punishments for misdemeanors in Kansas:  Class A (up to one year in jail), Class B (up to six months), Class C (up to one month), and unclassified misdemeanors, which follow specific penalties defined by law or default to Class C penalties. Misdemeanor convictions may also include fines, in addition to or instead of jail time, under K.S.A. 21-6611.

Washington's argument misapplies the default provisions, which govern unclassified offenses. Interference with law enforcement is a classified offense under

K.S.A. 2022 Supp. 21-5904. The law is straightforward: if the obstruction occurs in a context that is not a felony, it is classified as a class A misdemeanor according to K.S.A. 2022 Supp. 21-5904(b)(5)(B).

The jury's finding of interference during a traffic stop—a nonfelony context—aligns with a Class A misdemeanor. K.S.A. 2022 Supp. 21-5904(a)(3); *Kelley*, 38 Kan. App. 2d at 227. Thus, the verdict and the statute support a class A, nonperson misdemeanor in this case, not Class C, under K.S.A. 2022 Supp. 21-5904(b)(5)(B).

As a result, we vacate Washington's sentence given the *Apprendi* violation and remand with directions for the district court to enter an amended sentencing journal entry indicating the conviction is a Class A, nonperson misdemeanor.

Resentencing is unnecessary because the defendant has already completed his probation on the original sentence. No retrial is required. *Sims*, 318 Kan. at 160-61 (holding felony and misdemeanor interference share identical elements, and a felony conviction establishes the misdemeanor's elements, obviating retrial).

Sentence vacated and case remanded with directions.